# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

JAMES LEROY HAMILTON,

      Petitioner,

    v.

WARDEN EDGE,

      Respondent.

CIVIL ACTION NO.: 2:18-cv-2

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Hamilton ("Hamilton") filed this 28 U.S.C. § 1361 action while he was housed at the Federal Correctional Institution-Satellite Low in Jesup, Georgia.  Doc. 1.  Respondent filed a Motion to Dismiss, and Hamilton filed a Response.  Docs. 10, 15.  For the reasons which follow, I **RECOMMEND** the Court **GRANT in part** and **DENY without prejudice in part** Respondent's Motion to Dismiss.  I also **RECOMMEND** the Court **DISMISS** Hamilton's Petition **as moot**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hamilton *in forma pauperis* status on appeal.

## BACKGROUND

Hamilton was sentenced to 188 months' imprisonment in the District Court for the Eastern District of Tennessee on February 17, 2016, after his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  His projected release date is September 30, 2028, via good conduct time release.  Doc. 1 at 2; Doc. 10-1 at 4–5.  In his Petition, Hamilton asserts he has been diagnosed with stage 4 cirrhosis of the liver, which

is a chronic, incurable, and terminal disease, and which is complicated by his type 2 diabetes, high blood pressure, kidney disease, chronic pulmonary obstructive disease, hypertension, and a large tumor on his spleen.  Doc. 1 at 2.  Hamilton asserts that life expectancy for patients diagnosed with stage 4 cirrhosis is 18 months.  Id.

Hamilton asserts he submitted a compassionate release request to Respondent on October 3, 2017, and supplemented his request on November 13, 2017.  Doc. 15 at 2.  He further asserts he "supplied numerous medical records with his requests showing conclusively that he has been diagnosed with Stage 4 Liver Cirrhosis . . . ."  Id. at 3.  At the time he filed this Petition on January 8, 2018, he alleged that he had "not been notified of any action taken by Respondent to grant or deny his request for compassionate release."  He, therefore, asks the Court to issue a writ of mandamus to compel Respondent to respond to his request for compassionate release due to his terminal disease.  Doc. 1 at 3, 4.  Hamilton does not ask the Court to determine whether his request for compassionate release should be granted or denied, but, rather, to order the Respondent to respond to the request.  Doc. 15 at 5.

## DISCUSSION

Respondent moves to dismiss Hamilton's Petition on two grounds: because Hamilton's request is moot and because he failed to exhaust his administrative remedies.  Doc. 10.  Regarding mootness, Respondent argues that he did, in fact, respond to Hamilton's request and points to a denial of the request dated February 21, 2018.  Doc. 10-2 at 4.  Notably, that denial apparently came after Hamilton filed this Petition but before Respondent moved to dismiss the Petition.  Respondent contends that, because he has now responded to Hamilton's request, the instant Petition is moot.  Id. at 3–5.  Additionally, Respondent argues Hamilton was required to

exhaust administrative remedies before filing this Petition, but he failed to appeal to the General Counsel's National Inmate Appeals Office.  Id.

   Hamilton disputes both arguments in his Response.  Doc. 15.  Hamilton contends that Respondent's February 21, 2018 response is not actually a response to his initial request, and, therefore, cannot moot his Petition.  Id. at 3.  Hamilton argues that Respondent's February 21, 2018 response incorrectly states Hamilton's original request was submitted on December 22, 2017, despite the fact the original request was submitted on October 3, 2017, and supplemented on November 13, 2017.  Id.  Hamilton contends this date error demonstrates that Respondent did not actually consider the contents of his original request and supplement.  Id.  In further support of this position, Hamilton also contends the statement in Respondent's February 21, 2018 response that Hamilton has "not been diagnosed with a terminal incurable disease" is contrary to the medical records Hamilton provided with his request and demonstrates that Respondent did not consider those records.  Id. at 3.  Hamilton also contends that, in April 2018, Respondent sent employees to acquire the original request and supplement, and the employees took the original request and supplement, copied the documents, and returned them to Hamilton.  Id. at 4.  Hamilton contends this action demonstrates Respondent "misplaced, lost or destroyed" his initial request and supplement and did not consider those items.  Id.  In light of these facts, Hamilton contends that Respondent's February 21, 2018 response was not a response to his original request, and, thus, his Petition is not moot, and he had no available administrative remedy process.  Id. at 4, 5.

## I.    Hamilton's Petition is Moot[1]

Respondent contends that Hamilton's Petition is moot because he has already responded to Hamilton's request for compassionate release.  Doc. 10 at 3–5.  Based on the record as it stands now, I agree and find that Hamilton's request is moot.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all

---

[1]    Respondent also moves to dismiss due to Hamilton's purported failure to exhaust administrative remedies.  Where exhaustion of administrative remedies is required, as Respondent contends here, "a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question."  Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), report and recommendation adopted, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015)).  Because I recommend that the Court dismiss Hamilton's Petition as moot, I also recommend the Court decline to address Respondent's administrative remedies argument at this time, as discussed in § II of this Report.

stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

Hamilton criticizes the sufficiency, completeness, and foundation of Respondent's February 21, 2018 response, but it is undisputed that Respondent denied Hamilton's request for compassionate release in that document. Doc. 10-2 at 4; Doc. 15-1 at 68. Regardless of whether Hamilton submitted an Inmate Request to Staff on December 22, 2017, or on a prior date, Respondent has now provided him with a response to his compassionate release request. Even if the Warden was mistaken in his denial of Hamilton's compassionate release request, failed to consider all of the materials submitted in support of the request, or lost the original submission, the Warden considered the request and has now denied it. As the only relief Hamilton requests was to obtain consideration of and a response to his compassionate release request, doc. 1 at 4; doc. 15 at 5, 6, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **GRANT** this portion of Respondent's Motion to Dismiss and **DISMISS as moot** Hamilton's Petition for Writ of Mandamus.

## II.   The Court need not Address Respondent's Exhaustion Argument

The Eleventh Circuit Court of Appeals has held that a habeas petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "that the

exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id. (citing Santiago-Lugo, 785 F.3d at 475).  It appears that the exhaustion requirements apply to mandamus proceedings regarding compassionate release requests.  Jorgenson v. O'Brien, Civil Action No. 5:11cv174, 2012 WL 1565292, at *7–*8 (N.D. W.Va. Mar. 19, 2012); see also Franco v. United States Dep't of Justice, Civil Action No. 1:04-CV-3165, 2005 WL 8154970, at *3 (N.D. Ga. Oct. 20, 2005) (applying exhaustion requirements to mandamus proceedings concerning alien's status).

Here, Respondent contends Hamilton failed to exhaust his administrative remedies prior to the filing of his Petition.  Doc. 10 at 3.  Specifically, Respondent asserts Hamilton only filed an administrative remedy request at one step of the requisite three-step process.  Id.; Doc. 10-1 at 2.  In response, Hamilton avers the response he received to his inmate request to staff was dated February 21, 2018, and references his December 22, 2017 request for compassionate release. Doc. 15 at 2.  However, Hamilton asserts he did not file a request on December 22, 2017; rather, he filed his request on October 3, 2017, as supplemented on November 13, 2017.  Id.  Instead of determining whether Hamilton exhausted his available administrative remedies prior to filing his Petition, the Court has "skip[ped] over the exhaustion issue" and addressed the alternative basis of Respondent's Motion to Dismiss, as this was a much less thorny issue to determine.  Thus, the Court should **DENY without prejudice** this portion of Respondent's Motion to Dismiss.

## III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Hamilton leave to appeal *in forma pauperis*.  Though Hamilton has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

6

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Hamilton's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Hamilton *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY without prejudice in part** and **GRANT in part** Respondent's Motion to Dismiss and **DISMISS** Hamilton's Petition **as moot**.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Hamilton leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions herein.  <u>See</u> 28 U.S.C.

§ 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  A copy of the objections must be served

upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United

States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made herein.  Objections not meeting the

specificity requirement set out above will not be considered by the District Judge.  The Court

**DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon

Hamilton and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of February,

2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA